CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 24, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENARD M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00608 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| T. LOWE, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

_____

Plaintiff Kenard M. Collins, proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983. On June 10, 2024, Defendant T. Lowe filed a motion for summary judgment, and on the same day, the court issued a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 2005). (*See* ECF Nos. 27 & 29.) The *Roseboro* notice gave Collins 21 days to file a response to the motion for summary judgment and advised him that, if he did not respond to the defendant's motion, the court would "assume that [he] has lost interest in the case, and/or that [he] agrees with what the Defendant states in their responsive pleading[]." (ECF No. 29.) The notice further advised Collins that if he wished to continue with the case, it was "necessary that [he] respond" and, that if he did not respond within the time allotted, the court "may dismiss the case for failure to prosecute." (*Id.*) To date, Collins has not responded to the defendant's motion.

But on July 12, 2024, the court received Collins's motions requesting appointment of counsel and for an emergency temporary restraining order ("TRO"). (ECF Nos. 30, 31.) In his motion to appoint counsel, Collins represents that he mailed a response to the motion for summary judgment, but he was unsure if the court received it. (ECF No. 30.) As noted above, the court has not received any response. But insofar as Collins made a legitimate attempt to

respond to the motion for summary judgment and that pleading was not received by the court, the court will grant him the opportunity to resubmit a brief in opposition within 21 days from the date of the court's Order. The court takes this opportunity to remind Collins that, if he fails to respond in an appropriate fashion and within the time limit imposed by the court, his case will be dismissed.

As it relates to the substance of his motions, his requests must be denied. First, while criminal defendants are entitled to counsel at all stages of a proceeding, there is no corollary right in a civil action filed by an indigent litigant. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). But the court may *request* that an attorney represent an indigent plaintiff when exceptional circumstances exist. *See* 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 298 (1989). Here, Collins raises several straightforward due process violations, including receiving a "false charge" (Claim 1), the submission of false statements against him (Claim 2), denial of a fair hearing (Claim 3), denial of his appeal on the disciplinary charge (Claim 4), and unfair process (Claim 5). (*See generally* Compl. [ECF No. 1].) Although Collins raises serious constitutional issues, his claims are fact-dependent and do not represent the type of "exceptional circumstance" that compels appointment of counsel. To date, Collins's primary errors have been his failure to abide by court directives (*see* Order, Dec. 5, 2022 [ECF No. 7] (dismissing the case because Collins failed to respond to a court order); Order, Apr. 9, 2024 [ECF No. 24] (dismissing Claims 1–4 because Collins failed to respond to a motion to dismiss)), not an

inability to prosecute the merits of his case. Accordingly, his motion to appoint counsel will be denied.

Collins also seeks a TRO against the "Western Region of VA DOC." (ECF No. 31.) Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a TRO can be granted:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The Fourth Circuit explained the different functions of TROs and preliminary injunctions in *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: "[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

174 F.3d 411, 422 (4th Cir. 1999) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)).

Preliminary injunctive relief, like a TRO, is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). To succeed on such a request, the party seeking a TRO must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.[1] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812 (internal quotations omitted). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interim equitable relief. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). Further, a TRO is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *See Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *See id.*; *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). A TRO "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Nealson v. Owens*, No. 7:23-cv-00445, 2024 WL 1977180, at *1 (W.D. Va. May 3, 2024).

Collins's request is too vague to satisfy any of the elements necessary to afford him the extraordinary remedy of a TRO. He asks "to be sent back to the Eastern region" because he is "being retaliated" against and has had all his papers and property taken. (ECF No. 31.) Those sparse allegations do not address his likelihood of success on the merits, nor the probability of irreparable harm in the absence of the requested TRO. Moreover, while he says he is "being retaliated" against, his complaint raises discrete challenges related to his due

---

[1] In evaluating a request for a temporary restraining order, the court considers the same factors applied for a preliminary injunction. *Mogensesn v. Welch*, No. 6:23-cv-00077, 2023 WL 8756708, at *2 (W.D. Va. Dec. 19, 2023).

- 5 -

process rights during a disciplinary hearing. The harm complained of, then, is not caused by the harm in his underlying action. While Collins is free to pursue whatever remedies are available to him for the alleged retaliation, relief in this case in the form of a TRO is simply not proper. His request must be denied.

The Clerk shall send copies of this Memorandum Opinion and Order to the parties.

**ENTERED** this 24th day of July, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
